[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiff union seeks to vacate the Arbitration Award and have the grievance remanded to the arbitration panel for a further hearing.
The award complained of included the conclusion that the defendant Board had just cause to terminate the grievant's employment.
This application to vacate arose out of the panel's refusal to consider a second medical opinion, dated after the defendant Board terminated the grievant.
In effect, the panel was asked to find a lack of just cause to terminate the grievant on evidence not presented to the Board prior to its decision.
 DISCUSSION I
The parties agree that the submission to the arbitration panel was unrestricted. Therefore, this court's inquiry is limited to determining whether the award conforms to the submission.
As submitted, the panel had to determine whether the Board had just cause to terminate the grievant under the terms of the collective bargaining agreement.
The court concludes that the award does so conform and could deny the application on this basis alone.
 II CT Page 4249
In order for the panel to re-hear this matter and find that the Board acted without just cause, it must determine the Board was in error in ignoring evidence not before it!
On its face, this is a premise without logical support.
 III
The Union makes a legal argument, based on McKennon v. Nashville BannerPublishing Co., 513 U.S. 352, 115 S.Ct. 879 (1995). The court is not persuaded. As noted by the defendant in its brief, that case dealt with a situation where the after acquired evidence was relevant in addressing the remedy after a resolution favoring the employee. In cases such as this where the employee is not successful, there is no remedy to be fashioned.
The defendant cites Association of Western Pulp Paper Workers,Local 78 v. Rexam Graphic, Inc., 221 F.3d 1085 (9th Cir. 2000) in support of this view. There the court approved the consideration of post discharge conduct in addressing remedies but not in examining the question of just cause to terminate. Id. at 1089.
The Union's claim, stripped to its basics, is that the panel abused its discretion in not considering evidence that was not available to the Board when it rendered its decision.
This would require the Board to decide on the relevance and weight of the second opinion and then reverse the Board for not acting consistently with the evidence it had never seen.
This appears to be contrary to established arbitration practice and the court must reject the proposition so advanced.
 CONCLUSION
The application to vacate is denied.
 Anthony V. DeMayo Judge Trial Referee
CT Page 4250